IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAVID E. LEWIS, JR.,**                                                              **PLAINTIFF**
**ADC #165397**

**V.**                          **CASE NO. 5:18-CV-207-DPM-BD**

**LARRY NORRIS,** *et al.*                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition (Recommendation) has been sent to Chief Judge D.P. Marshall Jr. Parties may file written objections to this Recommendation if they disagree with any finding of fact or conclusion of law. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive their right to appeal.

### II.  Discussion

A. Background

David E. Lewis, Jr., an Arkansas Department of Correction (ADC) inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) The allegations in his complaint and supplemental complaint adequately state a failure-to-

protect claim against Defendant Moore.[1] Defendant Moore has now moved for summary judgment. (#36) In support of his motion, he has included deposition testimony from Mr. Lewis (#36-1), Classification Officer Mary Mena (#36-2), and Defendant Moore (#36-4). He has also included a chart showing Mr. Lewis's various bed assignments at the ADC. (#36-3) Mr. Lewis has not responded to the motion for summary judgment, and the time for filing a response has passed.

   B.  Standard

In a summary judgment, the Court rules in favor of a party before trial. As the moving party, Defendant Moore is entitled to summary judgment only if evidence in the record, viewed in a light most favorable to Mr. Lewis, shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

   C.  Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-69 (1989). Accordingly, Mr. Lewis's official-capacity claim for money damages against Defendant Moore must be dismissed.

   D.  Failure-to-Protect Claim

Mr. Lewis alleges that, while he was housed at the Tucker Unit of the ADC, he was involved in an altercation with a fellow inmate, Francisco Moya. After the incident,

---

[1] The Court previously dismissed Mr. Lewis's claims against the other Defendants. (#15, #25, #35)

Mr. Lewis was moved from five barracks to six barracks. After three inmates in six barracks threatened him, Mr. Lewis allegedly complained to ADC administrators, including Defendant Moore, about those verbal threats. The officials allegedly took no action to address the threats.

It is undisputed that, on May 23, 2017, Mr. Lewis was attacked by one or more inmates.[2] As a result of the attack, he suffered broken ribs, a broken nose, black eyes, a concussion, and a number of lacerations.

In his deposition, Mr. Lewis testified that problems with other inmates began in April of 2017, when Francisco Moya learned that Mr. Lewis had made parole. (*Id*. at p.16) Mr. Moya threatened to keep Mr. Lewis from being released by starting fights with him. He also threatened to physically assault him if he did not give him food Mr. Lewis had purchased from the prison commissary. (*Id*. at pp.15-17)

Mr. Lewis states that he told ADC officers about Mr. Moya's threats and that, as a result, he was transferred from five barracks to six barracks. (*Id*.) Six barracks is located across the hall from five barracks. (*Id*. at p.18)

According to Mr. Lewis, a new inmate transferred into six barracks and told Mr. Lewis that he owed him money, an assertion that Mr. Lewis considered a threat. (*Id*. at p.20) Mr. Lewis states that he reported this perceived threat to Classification Officer Mena and Defendant Moore. (*Id*. at pp.20-21) According to Mr. Lewis, Officer Mena and

---

[2] According to the papers presented by Defendant Moore, inmate Roberto Arruiza attacked Mr. Lewis. In his deposition, Mr. Lewis, however, testified that he did not know who attacked him and that he did not remember Mr. Arruzia. (#36-1 at p.13)

3

Defendant Moore told him "they're just talking, they're not going to do anything." (*Id.* at p.21) Mr. Lewis testified that Defendant Moore took him to speak with Officer Mena, presumably because Defendant Moore had taken his concerns seriously. (*Id.*)

In his deposition, Mr. Lewis testified that was "not trying to sue [Defendant Moore]," but filed this lawsuit because, "I wasn't protected. They didn't do – nobody put me in protective custody or nothing when I told them all this stuff was going to happen. I got four broken ribs, a broken nose and a concussion and hospital bills I can't pay." (*Id.* at pp.27-28) Mr. Lewis also testified that he was "blindsided" by his attackers on the date of the attack giving rise to this lawsuit. (*Id.* at p.13)

In her declaration, Officer Mena testified that she never spoke with Mr. Lewis about threats made against him by other inmates. (#36-2, p.2) She denied that Mr. Lewis had ever requested to be separated from any other inmate prior to May 23, the date of the attack at issue here. Ms. Mena also confirmed that Mr. Lewis had not placed any inmates on his "enemy alert list" prior to the date he was attacked. (*Id.* at pp.2-3)

In his declaration, Defendant Moore stated that he was assigned to work in the chow hall when Mr. Lewis was attacked. (#36-4, p.1) His first involvement occurred when he was tasked with taking a witness statement from Mr. Lewis *after* the incident. (*Id.* at p.2) Defendant Moore testified that he did not recall ever meeting with Mr. Lewis prior to May 23, and that he "was not aware of any altercation between Mr. Lewis and any other inmate prior to May 23, 2017." (*Id.* at p.3) Furthermore, Defendant Moore stated that Mr. Lewis never told him that he "feared for his life" or that he "was concerned that another inmate might harm him." (*Id.*) Defendant Moore testified that he

4

"was not aware of any problems that may have existed between Mr. Lewis and . . . any other inmate prior to May 23, 2017." (*Id.*)

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). But, to succeed on a failure-to-protect claim, Mr. Lewis must show that Defendant Moore actually knew of the danger that he was in but chose to ignore that risk. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007) (quotation omitted). Here, there is no evidence in the record from which a reasonable jury could conclude that Defendant Moore acted with deliberate indifference to Mr. Lewis's safety.

Mr. Lewis and Defendant Moore dispute whether they had a conversation about threats to Mr. Lewis. Assuming Mr. Lewis's version of events, he told Defendant Moore about the threats, and Defendant Moore attempted to help him by escorting him to Officer Mena's office for reassignment. Officer Mena denies that this occurred, but even if it did, this conduct cannot support a claim of deliberate indifference against Defendant Moore. To the contrary, this is evidence that Defendant Moore attempted to help. Therefore, Defendant Moore either did not know about threats to Mr. Lewis before the attack; or, he did know, and took steps to protect him. Significantly, Mr. Lewis stated in his deposition that he did not intend to sue Defendant Moore.

There is no evidence in the record to show that Defendant Moore knew that leaving Mr. Lewis in six barracks exposed him to a risk of serious harm, and failed to act in spite of that knowledge. In sum, there is no admissible evidence indicating that

5

Defendant Moore violated Mr. Lewis's clearly established rights, and he is entitled to qualified immunity.

## III. Conclusion

The Court recommends that Defendant Moore's motion for summary judgment (#36) be GRANTED and that Mr. Lewis's claims against Defendant Moore be DISMISSED, with prejudice.

DATED this 1st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE